402

Alpern, Attorney General, Appellant, *v.*
Hallman.

Argued January 10, 1961. Before Jones, C. J., Bell,
Musmanno, Jones, Bok and Eagen, JJ.

*Rudolph A. Chillemi,* Special Assistant Attorney
General, with him *Jack M. Cohen,* Deputy Attorney
General, for appellant.

*John McI. Smith,* with him *William F. Fox, James
H. Stewart, Jr.,* and *Fox, Differ, DiGiacomo & Lowe,*
and *Nauman, Smith, Shissler & Hall,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 17, 1961:

A petition, filed by the Attorney General of the Commonwealth in the Court of Common Pleas of Dauphin County, seeking an order directing payment of alleged unclaimed funds into the State treasury, without escheat, was dismissed by the lower court for want of jurisdiction. The Commonwealth appealed.

The action was instituted under the Act of May 16, 1919, P.L. 177, 27 PS §431 et seq. The petition alleges that from the year 1906, until February 1960, Abram D. Hallman was in the employ of the County of Montgomery, as prothonotary, deputy prothonotary, solicitor for the prothonotary and other capacities of trust; that during these years Hallman kept on deposit in various banks, in accounts under his own name, monies of persons unknown and/or whose whereabouts have remained unknown for seven successive years or more, and/or monies which may belong to the County of Montgomery. Instead of distributing these funds to the rightful owners, he deposited them in his own personal bank accounts and used a portion thereof for his own purpose.

On January 1, 1960, Hallman withdrew the sum of $20,938 from these accounts and delivered it to Roger B. Reynolds, Esq., solicitor for the commissioners of Montgomery County, to be held in escrow until the rightful owners thereof could be ascertained. At a later date, Hallman withdrew a sum in excess of $23,000 from these same accounts and delivered it to Robert Reithmiller, now prothonotary of the courts of Montgomery County, to be held in escrow until the rightful owners thereof could be determined. It is also alleged that further sums, unknown in amount, were withdrawn and appropriated to Hallman's use.

Numerous questions have been argued by counsel, but the basic and dispositive question for determination is, whether or not the Attorney General may prosecute

404

this action in the Court of Common Pleas of Dauphin County.

As pointed out in *Alpern, Attorney General, v. Girard Trust Corn Exchange Bank,* 403 Pa. 391, 170 A. 2d 87 (1961), jurisdiction of an action instituted under the provisions of the Act of 1919, supra, is not vested in the Court of Common Pleas of Dauphin County. It is exclusively in the courts enumerated in the statute. This is special legislation which governs the jurisdiction of all actions instituted in accordance with its provisions.

In view of this conclusion, it is unnecessary to discuss the substantial deficiencies in the Commonwealth's petition or lack of jurisdiction over the person of Hallman for improper service.

The order of the lower court is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.